**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:09CR39-FDW-9**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>MARCO WIGFALL, )<br>)<br>**Defendant.** )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court upon the Defendant's "ProSe Oral Motion to Represent Oneself at Trial" made on July 10, 2009. The Court conducted an initial hearing on the Motion at the time the Motion was made by Defendant and denied the Motion. After a request by the Government, further inquiry was made into the status of counsel at a hearing on July 21, 2009.

The United States Supreme Court held in <u>Faretta v. California</u>, 422 U.S. 806, 819 (1975), that the Sixth Amendment implicitly provides a criminal defendant an affirmative right to self-representation. To be effective, "[a]n assertion of the right of self representation must be (1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely." <u>United States v. Frazier-El</u>, 204 F.3d 553, 558 (4th Cir. 2000) (internal citations omitted).

At the hearing on July 21, 2009, the Court inquired into Defendant's request to represent himself and Defendant advised the Court that he did not want to represent himself and wanted to proceed with Scott Gsell as his appointed counsel. The Court advised Defendant of his right to counsel and his right to represent himself. The Court asked Defendant a series of questions and finds that Defendant was not under the influence of alcohol or illegal drugs, that he understood the Court, that he understood his right to counsel and his right to self-representation, that he understood the

consequences of self-representation, and that he understood the charges against him as well as the mandatory minimum and maximum penalties and fines. Defendant did acknowledge that he has been diagnosed as bi-polar and takes prescription medication for this condition. However, based on Defendant's responses to the Court's questions, the Court finds that this medication did not impair the Defendant. After questioning Defendant, the Court allowed Defendant to confer with defense counsel to determine how Defendant wished to proceed. After a discussion with defense counsel, Defendant returned to the Court and stated that he wanted to retain his appointed counsel and did not wish to represent himself.

In conclusion, Defendant's answers to the Court's questions and his statements during the hearing indicate that Defendant has made a knowing, intelligent and voluntary decision to be represented by counsel. Therefore, for the foregoing reasons, the Defendant's "ProSe Oral Motion to Represent Oneself at Trial" is **DENIED**.

The Clerk is directed to send copies of this Order to counsel for the parties; <u>and to the Honorable Frank D. Whitney</u>.

    **SO ORDERED**.

Signed: July 22, 2009

David S. Cayer
United States Magistrate Judge